UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON RANDALL, JR.,

    Petitioner,

v.                                    Case No. 8:17-cv-173-T-35CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

Randall petitions for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) He challenges his state convictions for aggravated assault with a firearm and possession of a firearm by a person under 24 years previously found delinquent, for which he is imprisoned for 25 years. Respondent moves to dismiss the petition as time-barred. (Doc. 14) Randall did not reply. Upon consideration, and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED that Randall's petition is DISMISSED as time-barred**:

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). AEDPA provides a one-year limitations period for filing a § 2254 habeas petition. This period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State

1

post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

An earlier Order[1] explained why Randall's petition is untimely under the AEDPA limitations period (Doc. 8 at 2-3) (footnotes omitted):

> Randall's direct appeal concluded on August 3, 2012, in 2D10-2693. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002). As a consequence, Randall's conviction became final on November 1, 2012, and the limitation would have expired one year later on November 1, 2013, absent tolling for a state post-conviction proceeding.
>
> Randall allowed 242 days to elapse before he filed a state motion to correct sentence on July 2, 2013. Tolling continued until August 31, 2013, when the motion was denied and the time to appeal passed. Randall allowed another 64 days to elapse before he filed a state Rule 3.850 motion for post-conviction relief on November 4, 2013. The limitation again continued when the mandate issued on November 7, 2016, with the affirmance of the denial of his Rule 3.850 motion. Randall had 59 days remaining of the one-year limitation. (365 – 242 – 64 = 59 days) Consequently, Randall's federal one-year deadline was January 5, 2017 (November 7, 2016 + 59 days = January 5, 2017). Randall dated his federal petition January 19, 2017.

Randall filed subsequent collateral motions in state court on March 13, 2018, and December 26, 2018. (Doc. 15-3 Exs. 19, 22) These motions, filed after the expiration of the AEDPA limitations period, do not afford Randall statutory tolling. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Therefore, the Court concludes that the petition is untimely under § 2244(d)(1)(A).

---

[1] The Court directed Randall to show why federal review of his claims was not barred by the statute of limitations. (Doc. 8) Although Randall failed to reply, the Court later directed Respondent to file a response, along with the state court record, based on orders from the Eleventh Circuit Court of Appeals in unrelated cases. (Doc. 11)

Randall does not allege entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). Nor does Randall contend that new evidence establishes his actual innocence to permit consideration of his untimely petition. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**. The Clerk is directed to enter judgment against Randall and to **CLOSE** this case.

The Clerk is further directed to **CORRECT** the docket to show that Randall is currently incarcerated at Santa Rosa Correctional Institution, using the address provided in the Response's certificate of service. (Doc. 14 at 26)[2]

## CERTIFICATE OF APPEALABILITY
## AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Randall is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Randall must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir.

---

[2] A search for Randall's name on the Florida Department of Corrections website, available at: http://www.dc.state.fl.us/OffenderSearch/ confirms that Randall is housed at Santa Rosa Correctional Institution.

2001). Because the petition is clearly time-barred and he fails to show that reasonable jurists would debate timeliness, Randall is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Randall must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 6th day of September, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE